Jonathan MANZO

v.

AMICA MUTUAL INSURANCE CO.

No. 94–633–A.

Supreme Court of Rhode Island.

Oct. 19, 1995.

Paul S. Cantor, Providence.

Amy Beretta, Thomas Bender, Providence.

**ORDER**

This matter came before the Supreme Court on October 6, 1995, pursuant to an order directing the plaintiff to appear and show cause why this appeal should not be summarily dismissed. In this case, the plaintiff has appealed from a Superior Court judgment in favor of the defendant Amica Mutual Insurance Company (AMICA). After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues should be decided at this time.

The plaintiff was involved in a motor vehicle collision when the vehicle he was operating collided with a vehicle driven by a third party. The vehicle operated by the plaintiff belonged to his employer and was insured through USAA Insurance Company. The other party's vehicle was insured by AAA Insurance Company of Michigan and the plaintiff himself had a motor vehicle policy with defendant, AMICA. The plaintiff's insurance company, AMICA, informed him that he would not be entitled to uninsured motorist coverage under his own policy because at the time of the accident he was operating a vehicle owned by his employer. Some time later the other operator's insurance company offered the plaintiff the limit of its liability, $20,000, in settlement of his claim. USAA was informed of this offer in order to secure that company's permission to settle. Ultimately, USAA granted plaintiff permission to settle with AAA. Soon thereafter, USAA tendered to plaintiff its own policy limits of $10,000 and he executed a release for that amount.

The plaintiff then contacted AMICA requesting underinsured motorist coverage. AMICA denied the claim because the plaintiff had not notified them of the accident and because the plaintiff had settled with the other operator, his insurance carrier, AAA, and with the employer's insurance company, USAA, without AMICA's consent. Plaintiff brought suit in Superior Court against AMICA claiming that he was entitled to underinsured motorist benefits. AMICA filed a counterclaim seeking declaratory judgment denying benefits to the plaintiff. AMICA filed a motion for summary judgment which was granted by the trial justice. Judgment in favor of AMICA was entered and plaintiff appealed to this court.

On appeal the plaintiff argues that his failure to notify AMICA of the accident and his failure to obtain AMICA's permission to settle should not preclude him from receiving uninsured motorist benefits under his policy. He argues AMICA must show that it was prejudiced by his failure to comply with these policy provisions. We disagree and we cite the amendment to the uninsured motorist statute which added the following language to § 27–7–2.1(B)(2) which reads, "the release of the tort-feasor with the consent of the company providing the underinsured coverage shall not extinguish or bar the claim of the insured against the underinsurance carrier regardless of whether the claim has been liquidated." The language in this amendment, however, conditions the ability to recover upon "the consent of the company providing the underinsured coverage." The plaintiff's failure to obtain consent from AMICA bars his right to recover from that corporation.

For all of these reasons, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case remanded to the Superior Court.