DECISION
The instant matter involves a claim by plaintiff Mario Fraioli (hereinafter "Fraioli") against his underinsured motorist carrier, Amica Mutual Insurance Company (hereinafter "Amica").
This case was tried before the Court, sitting without a jury, on July 13, 1998. Testimony was presented from Attorney Charles A. Casale and Elizabeth B. Mowchan. Deposition testimony was offered from Allyson Strover, an adjuster for Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan"). Exhibits included a copy of the subject insurance policy as well as correspondence between Mr. Casale and Amica. At the conclusion of the presentation of evidence, the Court reserved decision, and the parties submitted memoranda in support of their respective positions.
The pertinent facts are relatively undisputed. Plaintiff was involved in a motor vehicle collision on May 11, 1994, which accident was allegedly caused by the negligence of the operator of the other vehicle, Stephen Hay. At all times material thereto, Hay was insured under a policy issued by Metropolitan with policy limits of $25,000/$50,000. Both plaintiff and his passenger, Vincent DiPippo, were injured in the accident and both retained Attorney Charles A. Casale to represent them in claims against the tortfeasor, Hay, and against their own underinsured motorist carriers.
Casale obtained permission from DiPippo's underinsured motorist carrier, Prudential Insurance Company, to settle with the underinsured motorist, Hay, for his liability policy limits of $25,000. Casale, likewise, requested permission from Fraioli's underinsured motorist carrier, Amica, to settle with Hay for $25,000. That permission was never given, and two and a half months later, Casale settled Fraioli's claims against Hay for the aforementioned policy limits. He then sought additional recovery for Fraioli from Amica in accordance with his underinsured motorist benefits. Amica relied on a policy exclusion and denied the claim because Fraioli had settled with the tortfeasor without having obtained permission from Amica to do so.
The issue in the case can be set forth as follows: Where an insured, under an underinsured motorist policy, is involved in a motor vehicle collision with an underinsured motorist tortfeasor
 1. Is he barred from recovery under his policy if he settles with the tortfeasor without first obtaining permission from his underinsured motorist carrier to do so; and
 2. Must the carrier respond to an insured's request for permission to settle with the tortfeasor absent information that the tortfeasor's liability carrier has offered and is willing to pay the tortfeasor's policy limits?
The Court answers question number one in the affirmative and question number two in the negative.
Rhode Island General Law 27-7-2.1, the so-called Uninsured/Underinusred Motorist Statute, provides in pertinent part:
 (H) ". . . Release of the tortfeasor with the consent of company providing the underinsured coverage shall not extinguish or bar the claim of the insured against the underinsured carrier regardless of whether the claim has been liquidated."
However, release of the tortfeasor without the consent of the company providing the underinsured coverage shall extinguish the underinsured motorist claim. Manzo v. Amica Mutual Insurance Co.,666 A.2d 417 (1995). In the Manzo case, the plaintiff was injured in a collision with an underinsured motorist. Two carriers afforded him underinsured motorist protection, the carrier that covered the vehicle he was operating, USAA and his own carrier, Amica. After settling with the tortfeasor and then with USAA for their respective limits, settled with the tortfeasor and with USAA without obtaining its permission. Amica denied coverage (in part) because Manzo had settled with the tortfeasor without obtaining its permission. The Court agreed and rejected Manzo's contention that Amica could not escape coverage absent a showing that it was prejudiced by Manzo's conduct. The Court interpreted the language in R.I.G.L. 27-7-2.1 (H) as conditioning the ". . . the ability to recover upon `the consent of the company providing the underinsured coverage.' . . . (Manzo's) failure to obtain consent from Amica bars his right to recover from that corporation." at page 417.
In this case, Amica received notice of the accident and received a request from the insured for permission to settle with the tortfeasor before Metropolitan had offered Hay's policy limits. Amica advised plaintiff that it would not consider the request without an offer from Metropolitan. Once Metropolitan offered the policy limits, plaintiff settled with the tortfeasor without again requesting permission from Amica and without advising Amica that the offer had been extended.
Based upon the evidence presented at trial, it appears that plaintiff's attorney may have mistakenly believed that he had already obtained the necessary permission to settle when he accepted Metropolitan's offer on behalf of his client. He may have confused the instant claim with the one he was presenting on behalf of Fraioli's passenger, DiPippo. Nonetheless, plaintiff was duty bound to obtain Amica's consent before settling with the tortfeasor. It was not unreasonable for Amica to require that plaintiff first obtain a settlement offer from Metropolitan before responding to plaintiff's request for consent.
For the foregoing reasons, the Court rules in favor of the defendant and denies the claims of the plaintiff.
Counsel shall submit an appropriate judgment for entry.